UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MANOLIOS, as Personal Representative
of the ESTATE OF JONATHAN V. MANOLIOS,
GEORGE MANOLIOS, Individually, and
SUSAN MANOLIOS,

        Plaintiffs,                              Civil Case No. 17-12277
                                                     Honorable Linda V. Parker
v.

MACOMB COUNTY SHERIFF
ANTHONY WICKERSHAM,
CAPTAIN DAVID KENNEDY,
LIEUTENANT JASON ABRO,
SERGEANT RENEE YAX,
SERGEANT DAVID CRABTREE, and
THE COUNTY OF MACOMB,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT COUNTY OF MACOMB'S MOTION TO COMPEL

This civil rights action arises from a May 8, 2015 automobile accident, which resulted in the death of Jonathan Manolios. All of the defendants, except the County of Macomb ("County"), responded to Plaintiffs' Complaint by filing motions to dismiss. The County filed an Answer on August 31, 2017. The matter originally was assigned to the Honorable Arthur J. Tarnow, who entered a scheduling order on November 14, 2017. When it was reassigned to the undersigned as a companion matter to Civil Case No. 17-10364 on November 16,

2017, the Court vacated the scheduling order.[1] Pending before the Court, in addition to Defendants' motions to dismiss, is the County's motion to compel Plaintiffs' response to interrogatories and production requests, filed September 28, 2017. (ECF No. 16.) Plaintiffs filed a response to the motion on October 2, 2017. (ECF No. 18.)

In its motion, the County indicates that it served Plaintiffs with interrogatories and production requests on August 25, 2017. According to the County, Plaintiffs have failed to respond to those requests.

It is well-established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Further, Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P.

---

[1] The Court's practice, as set out in its practice guidelines, is to hold a scheduling conference and enter a scheduling order only after initial motions to dismiss are adjudicated.

26(d)(1). As this is not one of the exempted proceedings, the discovery requests the County served on Plaintiffs on August 25, 2017, fall within the prohibition of Rule 26(d)(1) and were, therefore, premature. Accordingly, the County's motion to compel responses to those requests also is premature.

Accordingly,

**IT IS ORDERED** that Defendant County of Macomb's motion to compel is **DENIED**.

                                         s/ Linda V. Parker
                                         LINDA V. PARKER
                                         U.S. DISTRICT JUDGE

Dated: December 6, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 6, 2017, by electronic and/or U.S. First Class mail.

                                         s/ R. Loury
                                         Case Manager